[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO RECONSIDER DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
On September 14, 1989, the plaintiffs, Richard Afflerbach and his wife Diane, filed a three-count complaint against the defendant, James Furry, based upon a motor vehicle accident in Windsor, Connecticut in which Richard Afflerbach and James Furry were involved. Richard Afflerbach alleges negligence in the first count; Diane Afflerbach alleges loss of consortium in the second count; and Richard Afflerbach alleges recklessness in the third count. On February 13, 1991, the defendant filed an answer and two special defenses. The defendant claims, in his only remaining special defense, that the plaintiffs' actions are barred by the applicable workers' compensation statute.
On August 17, 1993, the plaintiffs filed a motion for summary judgment as to liability only pursuant to Practice Book § 385. The defendant filed an objection to the CT Page 5928 plaintiffs' motion along with his own motion for summary judgment. On September 10, 1993, the plaintiffs filed a memorandum of law in opposition to the defendant's motion for summary judgment, and on September 14, 1993, the defendant filed a supplemental memorandum in support of his motion for summary judgment. On November 9, 1993, the court, Hennessey, J., issued a memorandum of decision in which it denied the plaintiffs' motion for summary judgment finding that a question of fact existed as to the proximate cause of the plaintiff's injuries. In the same memorandum, the court denied the defendant's motion for summary judgment based upon the holding in Ducjai v. Dennis, Superior Court, No. 02042 Philadelphia 1992.[1] The court found that Pennsylvania law was the appropriate law to be applied to this case and that the above referenced case was controlling with respect to the issue of an employee's right to sue a fellow employee for negligence arising out of a motor vehicle accident.
The plaintiffs and the defendant had entered into a stipulated judgment agreement whereby if the defendant's motion for summary judgment was denied or the plaintiff's motion for summary judgment was granted, the stipulated judgment would enter against the defendant for the limit on his insurance policy. On November 12, 1993, the plaintiffs filed a motion for judgment in accordance with the stipulation and the defendant filed a motion for stay of entry of the stipulated judgment. The defendant requested that a stay of the judgment be entered pending the release of the decision of the Pennsylvania Superior Court on the case of Ducjai v.Dennis, after a petition for reargument had been granted. The court, Langenbach, J., denied the defendant's motion for stay on November 12, 1993, and entered judgment in accordance with the parties' stipulation. On December 2, 1993, the defendant filed an appeal from the denial of his summary judgment motion and the denial of the motion for stay.
On January 26, 1994, the defendant filed a motion to reopen judgment and for reconsideration of the ruling on the defendant's motion for summary judgment pursuant to Practice Book § 326 and General Statutes § 52-212a based upon fraud, accident or mistake. The court, Langenbach, J., granted the defendant's motion on February 23, 1994. On March 7, 1994, the plaintiffs filed a "motion to reargue motion for summary judgment and objection to defendant's motion for reconsideration of ruling on motion for summary judgment" and CT Page 5929 a supporting memorandum of law. On March 8, 1994, the defendant withdrew his appeal. The defendant filed a memorandum in support of his motion for reconsideration of the motion for summary judgment on March 7, 1994.
The court advised the parties at oral argument that it would reconsider its ruling on the motion for summary judgment.
The defendant argues that the Pennsylvania Superior Court decision this court relied on in denying his motion for summary judgment has been recently overturned by the Pennsylvania Superior Court sitting en banc after rehearing. The plaintiffs argue that this court applied the wrong choice of law test and that there remains a genuine issue of material fact as to whether the defendant was acting in the course of his employment.
The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried. Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1989). It is a method of "resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384; Wilson v.New Haven, supra, 279.
 The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden, the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact.
Dougherty v. Graham, 161 Conn. 248, 250, 287 A.2d 382,384 (1971).
In reaching a decision on a summary judgment motion, the basic test employed by the court is whether the moving party CT Page 5930 would be entitled to a directed verdict on the same facts. See Batick v. Seymour, 186 Conn. 632, 647,443 A.2d 471 (1982); United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 380, 260 A.2d 596 (1969). "In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the non-movant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." United Oil, supra, 380.
This court, Hennessey, J., indicated in its memorandum of decision that it would apply Pennsylvania law to this case based upon the most significant relationship test. This court stated in that decision that
 [t]his court, in Howe v. Stuart Amusement Corp. , [5 Conn. L. Rptr. 350, 351 (December 10, 1991, Hennessey, J.], has previously stated that O'Connor [v. O'Connor, 201 Conn. 632, 519 A.2d 13
(1986)] has "`effectively eviscerate[d] the [lex loci] rule in virtually all conflict situations'. . . ." (Citation omitted.) Id., 352. Thus, this court held that the O'Connor court's "mandate is to apply the most significant relationship test to all tort cases involving the conflict of laws." Id. Accordingly, "the determinative choice of law legal test is the most significant relationship test, as it was enunciated and applied in O'Connor v. O'Connor, supra, [201 Conn. 632]." Id.
Afflerbach v. Furry, 10 Conn. L. Rptr. 370, 371 (November 9, 1993, Hennessey, J.). The most significant relationship test as announced by O'Connor states that "[t]he rights and liabilities of the parties with respect to an issue are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and to the parties." O'Connor v. O'Connor, supra, 650, quoting Restatement (Second) Conflicts of Laws § 145(1); see Afflerbach v. Furry, supra, 371. This court will continue to apply Pennsylvania law as the law of the case based upon the same reasoning it relied on in Afflerbach v. Furry, CT Page 5931 supra, 370.
The court, Hennessey, J., had originally denied the defendant's motion for summary judgment based upon the holding in Ducjai v. Dennis, supra, stating "[u]ntil the decision [in Ducjai is overturned, a Pennsylvania court would be bound by the Ducjai court's decision. This court follows Ducjai." Subsequent to the court's decision, the Pennsylvania Superior Court has reversed its decision inDucjai.
In the earlier Ducjai decision, the plaintiffs had appealed the Pennsylvania trial court's decision in favor of the defendant's summary judgment motion. The Pennsylvania Superior Court, reversing the trial court, reasoned that Pennsylvania's workers' compensation laws did not prohibit, as a matter of law, the plaintiffs' action against the defendant based upon their reading of Pennsylvania's Motor Vehicle Financial Responsibility Act.
In the en banc hearing of Ducjai v. Dennis by the Pennsylvania Superior Court, the court concluded that "worker's compensation benefits are the sole and exclusive remedy available to employees injured in a motion vehicle accident in the course and scope of their employment," and upheld the trial court's ruling granting summary judgment for the defendant. Ducjai v. Dennis, Superior Court, No. 02042 Philadelphia 1994 (January 27, 1994 rehearing). This court finds that the first Ducjai decision is no longer controlling, having been overturned by the Pennsylvania Superior Court.
Nevertheless, there still remains a genuine issue of material fact in this case as to whether the defendant was acting in the course of his employment. Therefore, the defendant's motion for summary judgment is denied.
Mary R. Hennessey, Judge